UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY MCDOUGALL, *Pro Se*, ) | Case No.: 1:21 CV 2096 |
| ) | |
| Petitioner ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| DAVE YOST, Ohio Attorney General, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are *Pro Se* Petitioner Gregory McDougall's ("Petitioner" or "McDougall") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), Motion to Stay (ECF No. 2), and Motion for Appointment of Counsel (ECF No. 3). Under Local Rule 72.2, the court referred the matter to the Magistrate Judge for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R (ECF No. 5) that the Petition be denied without prejudice so that McDougall can exhaust all available state court remedies, and denies the Motion to Stay and Motion for Appointment of Counsel as moot.

On November 5, 2021, McDougall filed his Petition in this court while a criminal case was pending against him in state court. In his Petition, McDougall asserts that trial court denied him: (1) the right to a speedy trial, (2) the right to a fair trial by jury, and (3) the right to due process and equal protection under the law. (ECF No. 1.) On March 14, 2022, Magistrate Judge Darrell A. Clay

("Magistrate Judge" or "Judge Clay") submitted an R & R recommending that the court dismiss the Petition without prejudice to potential refiling after the state court proceedings against McDougall have been completed and he has exhausted all available state court remedies. (R & R at PageID #98, ECF No. 5.) In the R & R, Judge Clay concluded that it was inappropriate to consider the merits of McDougall's claims because his criminal case was currently pending in state court, and he had not presented his claims to the state courts. (*Id*.)

On March 28, 2022, McDougall filed an Objection (ECF No. 6) to the R & R. In his Objection, McDougall points out that since the R & R was issued, the criminal case against him has been dismissed. (*Id*. at PageID #101, ECF No. 6.) On the surface, it appears that McDougall's Petition is moot in light of the fact that the relief he requested—namely, a dismissal of the criminal charges against him—has been granted. However, in his Objection, McDougall reiterated his contention that his Speedy Trial rights were violated because the trial court dismissed the case against him without prejudice as opposed to with prejudice. (*Id*.) In doing so, McDougall argues that the Magistrate Judge erred because he *did* exhaust all of his state court remedies with respect to his Speedy Trial claim since he appealed the trial court's ruling on his motion to dismiss. (*Id*. at PageID #102.)

McDougall's argument that he exhausted his state court remedies by appealing the trial court's ruling on his motion to dismiss was considered and rejected by the Magistrate Judge. Indeed, the R & R explained that, "a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 **to the extent he seeks to demand enforcement of the State's affirmative constitutional obligation to bring him promptly to trial**." (R & R at PageID #96, ECF No. 5) (emphasis added). However, McDougall's

Petition is not properly before the court because as the Magistrate Judge pointed out, "McDougall is not seeking to have a speedy trial, but rather to have the charges dismissed for an alleged speedy trial violation." (R & R at PageID #97, ECF No. 5; *see also Hairston v. Franklin Cty. Ct. of Common Pleas*, No. 2:17-CV-00353, 2017 WL 2972151, at *2 (S.D. Ohio July 12, 2017) (dismissing a pretrial detainee's § 2241 petition after concluding that "even if [the petitioner] had fully availed himself of all [the state court] mechanisms, he does not ask this [c]ourt to order the state court to promptly bring him to trial . . . [h]e instead asks this [c]ourt for 'an injunction granting his release.'").) In this case, the court finds that McDougall's Objection lacks merit because he has not presented any evidence indicating that he presented his claim relative to the state court's decision to dismiss the criminal charges against him without prejudice through all the state court mechanisms.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Judge Clay's recommendations are fully supported by the record and controlling case law. Accordingly, the court adopts the R & R, denies McDougall's Petition without prejudice to refiling if he exhausts all available state court remedies, and denies the Motion to Stay and Motion for Appointment of Counsel as moot. Under 28 U.S.C. § 1915(a)(3), the court also certifies that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 29, 2022